Bryan L. Sells
The Law Office of Bryan L. Sells, LLC
PO Box 5493
Atlanta, GA 31107
(404) 480-4212
bryan@bryansellslaw.com

Timothy Bechtold
Bechtold Law Firm, PLLC
PO Box 7051
Missoula, MT 59807
(406) 721-1435
tim@bechtoldlaw.net

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| THOMAS BRECK, DANIELLE BRECK, DOUG CAMPBELL, and STEVE KELLY, <br><br> Plaintiffs, <br><br> vs. <br><br> COREY STAPLETON, in his official capacity as Secretary of State of the State of Montana, ) <br><br> Defendant. | CV-17-36-M-BMM <br><br><br><br><br> FIRST AMENDED COMPLAINT |

## Nature of the Case

1. This is an action under 42 U.S.C. § 1983 to enforce rights guaranteed to the plaintiffs by the First and Fourteenth Amendments to the United States Constitution. At issue is Montana's ballot-access scheme for independent and minor-party candidates as applied to the plaintiffs in the at-large special election set for May 25, 2017, to fill the seat vacated by former Congressman Ryan Zinke upon his confirmation as Secretary of the Interior. The plaintiffs seek declaratory and injunctive relief prohibiting the defendants from enforcing the ballot-access scheme in an unconstitutional manner.

## Jurisdiction and Venue

2. This Court has original jurisdiction over this case under Article III of the United States Constitution and 28 U.S.C. §§ 1331 and 1343(a)(3).

3. This suit is authorized by 42 U.S.C. § 1983.

4. Declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202.

5. Venue is proper in the District of Montana under 28 U.S.C. § 1391(b) and in the Missoula Division pursuant to LR 3.2 and LR.2(c).

## Parties

1. Plaintiff Thomas Breck is a United States citizen and a resident of the State of Montana. He is a resident and registered voter in Missoula County, Montana. He is the nominee of the Montana Green Party in the May 25 special congressional election.

2. Plaintiff Danielle Breck is a United States Citizen and a resident of the State of Montana. She is a resident and registered voter in Missoula County, Montana. She is a member of the Montana Green Party and would like to have the opportunity to vote for Thomas Breck in the May 25 special congressional election.

3. Plaintiff Doug Campbell is a United States citizen and a resident of the State of Montana. He is a resident and registered voter in Gallatin County, Montana. He wants to run as an independent candidate in the May 25 special congressional election.

4. Plaintiff Steve Kelly is a United States citizen and a resident of the State of Montana. He is a resident and registered voter in Gallatin County, Montana. He ran for Congress as an independent candidate in 1994 and wants to run as an independent candidate in the May 25 special congressional election.

5. Defendant Corey Stapleton is the Secretary of State of the State of Montana and is charged by statute enforcing Montana's ballot-access scheme for independent and minor-party candidates seeking to run in the May 25 special congressional election. He is sued in his official capacity only.

**Factual Background**

6. On March 1, 2017, U.S. Representative Ryan Zinke resigned from Congress, effective immediately, in order to take office as Secretary of the Interior. His resignation created a vacancy in Montana's at-large congressional seat.

7. On the same day, Montana Governor Steve Bullock ordered a special election to fill the vacancy. He set the election for May 25, 2017 – 85 days following the vacancy – which was the earliest date allowed by Montana law. Mont. Code Ann. § 10-25-203.

8. Ballot access in the special congressional election is governed by Mont. Code Ann. § 13-25-205, which contains one provision for candidates nominated by qualified political parties, and a different provision for independent and minor-party candidates.

9. A qualified political party is any party that had a candidate for statewide office who met a certain vote threshold in either of the last two

general elections or that submitted a party-qualifying petition meeting the requirements of Mont. Code Ann. § 13-10-601 at least 82 days before the election at which it seeks to have its candidates appear on the ballot.

10. Qualified parties nominate candidates for the special election according to party rules and must notify the Secretary of State of its nominee no later than 75 days before the election. Mont. Code Ann. § 13-25-205(1).

11. Qualified-party candidates must also file a declaration and oath of candidacy form and, unless filing as indigent, pay a filing fee no later than 75 days before the election. Mont. Code Ann. § 13-10-202.

12. Independent and minor-party candidates, on the other hand, can appear on the special-election ballot only if the candidate or party submits declaration and oath of candidacy form and a nominating petition containing a sufficient number of signatures no later than 82 days before the election. Mont. Code Ann. §§ 13-25-205(2), 13-10-503.

13. The number of signatures required on a nominating petition for a special election is the same number required for a general election: 5% or more of the total vote cast for the successful candidate for the same office at the last general election. Mont. Code Ann. § 13-10-502(2).

14. Unless filing as indigent, independent and minor-party candidates must also pay a filing fee no later than 82 days before the election. Mont. Code Ann. § 13-10-503(1).

15. For the May 25 special election called by Governor Bullock on March 1, the 82nd day before the election fell on Saturday, March 4.

16. Under Montana law, most deadlines that fall on weekends are automatically moved to the next business day, Mont. Code Ann. § 1-1-307, so the legal deadline for independent and minor-party candidates to qualify for the May 25 special-election ballot fell on Monday, March 6.

17. However, the Montana Secretary of State published an election calendar for the special election on his website which incorrectly identified the deadline as Friday, March 3. The Secretary of State corrected the deadline on his website sometime after March 6.

18. For the May 25 special election, the number of signatures required on the nominating petition for independent and minor-party candidates is 14,268.

19. The filing fee for the May 25 special election is $1,740.

20. The Montana Green Party is the state-level affiliate of the Green Party of the United States. It has run candidates for U.S. President, governor, lieutenant governor, and the Montana state legislature since the

party's formation in 2001. It is a minor party for purposes of access to the ballot in the May 25 special election.

21. On March 4, 2017, the Montana Green Party held a convention and chose plaintiff Thomas Breck to be the party's nominee in the May 25 special election.

22. Plaintiff Thomas Breck submitted a declaration and oath of candidacy form and a statement of indigency to the Montana Secretary of State's office on March 10, 2017. He did not submit a nominating petition containing more than 14,268 valid signatures.

23. Plaintiff Doug Campbell submitted a declaration and oath of candidacy form and paid the filing fee to the Montana Secretary of State's office on March 2, 2017. He did not submit a nominating petition containing more than 14,268 valid signatures.

24. Plaintiff Steve Kelly submitted a declaration and oath of candidacy form and a statement of indigency to the Montana Secretary of State's office on March 6, 2017. He did not submit a nominating petition containing more than 14,268 valid signatures.

25. Neither Cambell nor Breck nor Kelly has yet received notice from the Montana Secretary of State that his name will not appear on the ballot for the May 25 special election.

## Claim One

26. Montana's ballot-access scheme for independent and minor-party candidates, as applied to the plaintiffs in the May 25 special election, violates rights guaranteed to the plaintiffs by the First and Fourteenth Amendments to the United States Constitution, as enforced by 42 U.S.C. § 1983.

## Relief

27. A real and actual controversy exists between the parties.

28. The plaintiffs have no adequate remedy at law other than this action for declaratory and equitable relief.

29. The plaintiffs are suffering irreparable harm as a result of the violations complained of herein, and that harm will continue unless declared unlawful and enjoined by this Court.

WHEREFORE, the plaintiffs respectfully pray that this Court:

(1) assume original jurisdiction over this case;

(2) enter a declaratory judgment that Montana's ballot-access scheme for independent and minor-party candidates, as applied to the plaintiffs in the May 25 special election, violates rights guaranteed to

the plaintiffs by the First and Fourteenth Amendments to the United States Constitution, as enforced by 42 U.S.C. § 1983;

(3) enjoin the Secretary of State from enforcing Montana's ballot-access scheme for independent and minor-party candidates against the plaintiffs Doug Campbell, Thomas Breck and Steve Kelly in the May 25 special election;

(4) issue a writ of mandamus requiring the Secretary of State to add plaintiffs Doug Campbell, Thomas Breck and Steve Kelly to the special-election ballot;

(5) award the plaintiffs nominal damages;

(6) award the plaintiffs the costs of this action together with their reasonable attorneys' fees under 42 U.S.C. § 1988; and

(7) retain jurisdiction of this action and grant the plaintiffs any further relief which may in the discretion of the Court be necessary and proper.

Respectfully submitted this 31st day of March, 2017.

<u>/s/ Bryan Sells</u>
Georgia Bar No. 635562
Law Offices of Bryan Sells LLC
PO Box 5493
Atlanta, GA 31107
(404) 480-4212
bryan@bryansellslaw.com

<u>/s/ Timothy Bechtold</u>
Bechtold Law Firm, PLLC
PO Box 7051
Missoula, MT 59807
(406) 721-1435
tim@bechtoldlaw.net