Bryan L. Sells, PHV pending
Law Offices of Bryan Sells LLC
PO Box 5493
Atlanta, GA 31107
(404) 480-4212
bryan@bryansellslaw.com

Timothy Bechtold
Bechtold Law Firm, PLLC
PO Box 7051
Missoula, MT 59807
(406) 721-1435
tim@bechtoldlaw.net

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| THOMAS BRECK, DANIELLE BRECK, DOUG CAMPBELL, and STEVE KELLY, <br><br> Plaintiffs, <br><br> vs. <br><br> COREY STAPLETON, in his official capacity as Secretary of State of the State of Montana, <br><br> Defendant. | CV 17-36-M-BMM <br><br><br><br><br> PLAINTIFFS' BRIEF IN SUPPORT OF MOTION FOR STAY PENDING APPEAL |

On March 22, 2017, Plaintiffs here filed suit in this Court, challenging whether Montana codes as applied to Plaintiffs were unconstitutional. Also on March 22, 2017, Plaintiffs filed a motion for a temporary restraining order and preliminary injunction, asking the Court to prevent the Montana Secretary of State from printing and sending out ballots to voters until after the Court considered the merits of Plaintiffs' case. Plaintiffs provided copies of the filed documents to counsel for Defendant on March 22, and served the Complaint on March 23. On March 25, 2017, the Court set a hearing on the motion for injunctive relief for April 4, 2016, which was thirteen days after Plaintiffs filed the motion.

At the April 4 hearing the Court heard testimony and argument, and on April 8, 2017 this Court issued its Order on Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction, ruling Plaintiffs would likely prevail on the merits of their claim, and setting the number of signatures required to qualify for the ballot in Montana's special election for its Representative in Congress at 400. By also ruling that the deadline for submittal of these signatures was March 6, 2017, this Court did not provide Plaintiffs with an effective remedy to the Constitutional harms they suffered. Plaintiffs have filed a Notice of Appeal of this Court's ruling, and Plaintiffs

respectfully request this Court to issue a stay pending appeal, and order Defendant Secretary of State not to print ballots or send ballots to overseas and military voters until the Ninth Circuit has had opportunity to consider Plaintiffs' appeal.

The standard of review for an injunction pending appeal is essentially the same standard that applies to a motion for preliminary injunction. *See Lopez v. Heckler*, 713 F.2d 1432, 1435 (9th Cir. 1983). In general, a plaintiff seeking a preliminary injunction must show "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

The scope of injunctive relief is reviewed for an abuse of discretion or application of erroneous legal principles. *See United States v. Schiff*, 379 F.3d 621, 625 (9th Cir. 2004); *Rolex Watch, U.S.A., Inc. v. Michel Co.*, 179 F.3d 704, 708 (9th Cir. 1999) (finding the scope of injunctive relief granted was inadequate); *see also Flexible Lifeline Systems, Inc. v. Precision Lift, Inc.*, 654 F.3d 989, 994 (9th Cir. 2011) (per curiam).

Plaintiffs are entitled to an injunction pending appeal because this Court failed to remedy a clear violation of the plaintiffs' constitutional rights.

The Court in this case found that Plaintiffs had satisfied each of the *Winter* factors. It found that Montana's signature requirement for independent and minor-party candidates impose a severe and unjustified burden on Plaintiffs' First and Fourteenth Amendment rights in the context of the special election. ECF No. 19 at 7-16. It found that Plaintiffs would suffer irreparable harm in the absence of an injunction and that the equities tipped in their favor. *Id.* at 16-19. It concluded that "the State's enforcement of the 5 percent signature requirement as applied to Plaintiffs unlawfully would limit their access to the ballot in violation of their First and Fourteenth Amendment rights." *Id.* at 19.

And yet this Court offered no relief. In the remedy portion of its opinion, the Court focused on whether Plaintiffs had enough support to merit being placed on the ballot. The Court observed that Plaintiffs had not submitted any signatures to demonstrate support when they filed their candidacy forms. *Id.* at 20. Doing so would have been futile because they did not have the 14,268 signatures necessary to qualify for the ballot. The court then noted that, under *McCarthy v. Briscoe*, 429 U.S. 1317 (1976)

4

(Chambers Opinion), a court may look to other evidence to determine whether the plaintiffs have enough support to merit being placed on the ballot, and it found that none of the plaintiffs in this case had demonstrated as much support as presidential candidate Eugene McCarthy. *Id.* Finally, the Court concluded that 400 signatures would be a reasonable number of signatures to collect between March 1, when the election was announced, and March 6, when the signatures were due, but since none of the plaintiffs had submitted that many, none would have his name placed on the ballot. The Court gave Plaintiffs no time within which to gather more signatures.

It was inappropriate for the Court to apply its 400-signature standard retroactively without giving Plaintiffs any opportunity to meet it going forward. Had Plaintiffs known that they had to gather only 400 signatures by March 6, they may have been able to do it. That might not have been futile, but they had to gather 14,268 signatures, and doing so was clearly futile. Moreover, if given a few days after the Court's ruling, they might have been able to collect a reasonable number of signatures to demonstrate support. But the Court's delay meant that there was, as a practical matter, little time to gather more signatures.

Next, the Court's finding that "no plaintiff can point to similar alternative evidence of support" is clearly erroneous. Plaintiff Thomas

5

Breck is the nominee of the Montana Green Party, which is the state affiliate of the Green Party of the United States.  ECF No. 1 at 6.  It has run candidates for U.S. President, governor, lieutenant governor, and the Montana state legislature since the party's formation in 2001. The Green Party is a well-known national party whose presidential candidate, Jill Stein, appeared on the ballot in 44 states, including Montana, last year. Plaintiff Steve Kelly got 9% of the vote in 1994 congressional race and 33 percent of the vote in a county commission contest.  He is by no means a frivolous candidate.  The third plaintiff, Doug Campbell, is a political neophyte who does not have the same track record but is a business professional running on a serious platform of campaign finance reform.  The plaintiffs may not be Eugene McCarthy, but they aren't running for president, either. The evidence in the record more than establishes that they have a sufficient modicum of support that their candidacies in the special congressional election would not be frivolous.

   For all of the reasons discussed above, Plaintiffs respectfully request a stay pending appeal in this case.  Plaintiffs have satisfied the *Winter* factors, and this Court must issue a stay, and order Defendant Secretary of State not to print ballots or send ballots to overseas and military voters until the Ninth Circuit has had opportunity to consider Plaintiffs' appeal.

Respectfully submitted this 9th day of April, 2017.

/s/ Bryan Sells*
Georgia Bar No. 635562
Law Offices of Bryan Sells LLC
PO Box 5493
Atlanta, GA 31107
(404) 480-4212
bryan@bryansellslaw.com
* *pro hac vice pending*

/s/ Timothy Bechtold
Bechtold Law Firm, PLLC
PO Box 7051
Missoula, MT 59807
(406) 721-1435
tim@bechtoldlaw.net