# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MONTANA

### MISSOULA DIVISION

| | |
|---|---|
| THOMAS BRECK, DANIELLE BRECK, DOUG CAMPBELL, and STEVE KELLY | CV-17-36-M-BMM |
| Plaintiffs, | |
| vs. | **ORDER REGARDING MOTION FOR STAY PENDING APPEAL** |
| CORY STAPLETON, in his official capacity as Secretary of State of the State of Montana, | |
| Defendant. | |

Plaintiffs have filed a Motion for Stay Pending Appeal. (Doc. 21.) Plaintiffs'

motion requests that the Court issue a stay pending appeal and order Defendant

Montana Secretary of State ("the State") not to print ballots or send ballots to

overseas voters until the Ninth Circuit resolves the appeal. (Doc. 22 at 3.)

Plaintiffs' appeal challenges the Court's injunction against the State's enforcement

of "ballot access laws to the extent that it requires an independent or minor party

1

candidate to obtain in excess of 400 valid signatures in order to appear on the ballot for the May 25, 2017, special election for the United States House of Representatives." (Doc. 19 at 26.)

Plaintiffs request an injunction pending appeal that would prohibit the State from printing ballots or sending overseas ballots until the Ninth Circuit resolves their appeal. The standard of review for an injunction pending appeal proves the same as the standard for a preliminary injunction motion. *Lopez v. Heckler*, 713 F.2d 1432, 1435 (9th Cir. 1983). A plaintiff must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest" in order to obtain a preliminary injunction. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Plaintiffs make no effort to demonstrate that they meet any of these factors except likelihood of success on the merits. (Doc. 22.)

Plaintiffs argue that the Court has provided no remedy for the State's constitutional violation of Plaintiffs' ballot access rights. *Id.* at 4. The Court concluded in its Order on Plaintiffs' Motion for a Temporary Restraining Order and Preliminary Injunction that the State's ballot access laws violated Plaintiffs' constitutional rights. (Doc. 19 at 19.) The Court declined, however, to place the Plaintiff-candidates' names on the ballot and instead barred the state from

2

enforcing the signature requirement in any amount over 400 signatures. *Id.* at 19-26. Nothing prevented Plaintiffs from collecting signatures during the period of March 1, 2017, to March 6, 2017. Plaintiffs opted not to attempt any concentrated efforts and instead followed a strategy that deemed any effort to achieve the 5 percent as futile.

Plaintiffs now claim that the Court's remedy proves inadequate and ask for extra time to gather signatures or otherwise demonstrate a substantial modicum of support. Plaintiffs seek an appeal on that basis. Plaintiffs argue that they have demonstrated a likelihood of success on the merits of this appeal. (Doc. 22 at 4-7.) The court's opinion in *Jones v. McGuffage*, 921 F. Supp. 2d 888 (N.D. Ill. 2013), offers guidance for evaluating the Court's remedy in this case.

The court in *Jones* likewise determined that Illinois's ballot access laws likely proved unconstitutional in the context of a special election. *Id.* at 901. The court there also declined to place the plaintiff-candidates' names on the ballot and instead decreased the signature requirement three days before signatures were due. *Id.* at 903. The court acknowledged that its ruling might have had "no practical effect" on the plaintiffs. The court justified the potential ineffectiveness, however, by stating that it was not "the [c]ourt's place any more than it is the State's to help any particular candidates get on an election ballot." *Id.* Rather it is the court's "sole

3

function . . . to make sure that the state does not erect insurmountable barriers to access." *Id.*

The Court in this matter likewise chose a remedy—the same type of remedy that the court issued in *Jones*—that prohibits the State from erecting insurmountable barriers to ballot access. The collection of 400 signatures would have been surmountable based on the evidence presented at the hearing on April 4, 2017. The Constitution requires nothing more. An order to place the names of Breck, Campbell, and Kelly on the ballot improperly would have subverted the State's compelling interest "in requiring any candidate for office to first show a substantial modicum of support." *Id.* at 902.

Plaintiffs claim that Justice Powell's chambers opinion in *McCarthy v. Briscoe*, 429 U.S. 1317 (1976) (Chambers Opinion), stands for the proposition that the Court should consider alternative demonstrations of support rather than maintain a reduced signature requirement. (Doc. 22 at 5-6.)  Plaintiffs argue that Justice Powell's willingness to consider presidential candidate Eugene McCarthy's alternative evidence of support places an onus on this Court to consider alternative evidence of support for Breck, Campbell, and Kelly. *Id.*

The Court addressed this issue in its order. The Court determined that Breck, Campbell, and Kelly have failed to demonstrate the level of support that prompted

4

Justice Powell to order the State of Texas to place Senator Eugene McCarthy's name on the 1976 presidential ballot. (Doc. 19 at 20.) Plaintiffs concede that the putative candidates "may not be Eugene McCarthy." (Doc. 22 at 6.) The Court agrees. Senator McCarthy won election for office twice to the United States Senate and five times for the United States House of Representatives. *McCarthy v. Briscoe*, 429 U.S. at 1317. Plaintiffs seek to have their names placed on the ballot for a special election to the United States House of Representatives for Montana's at-large seat. Only Kelly previously has run for any electoral office at any level. Kelly never has won an election for any office at any level. Breck and Campbell have never run for office. All three failed to point to present evidence of statewide name recognition or other indicia of support.

Plaintiffs have failed to demonstrate a likelihood of success on the merits for the reasons stated. The Court declines to grant Plaintiffs' Motion to the extent that it requests an injunction pending appeal that would have required the State to refrain from printing ballots or sending overseas ballots. The Court determines that granting the Plaintiff's motion to the extent that it requests to stay the case pending resolution by the Ninth Circuit proves appropriate.

Accordingly, **IT IS ORDERED:**

1.  Plaintiffs' Motion for Stay Pending Appeal (Doc. 21), is **DENIED** to the extent that it requests an injunction pending appeal that would have required the State to refrain from printing ballots or sending overseas ballots.

2.  Plaintiffs' motion is **GRANTED** to the extent that it requests a stay pending the Ninth Circuit's resolution of the Plaintiffs' appeal.

3.  This case shall be stayed pending the Ninth Circuit's resolution of the Plaintiffs' appeal.

DATED this 11th day of April, 2017.

Brian Morris
United States District Court Judge