TIMOTHY C. FOX
Montana Attorney General
DALE SCHOWENGERDT
Solicitor General
PATRICK M. RISKEN
Assistant Attorney General
P.O. Box 201401
Helena, MT  59620-1401
T:  406.444.2026
dales@mt.gov
prisken@mt.gov

JEFFREY M. HINDOIEN
Special Assistant Attorney General
Montana Secretary of State
P.O. Box 202801
Helena, MT  59620-2801
T:  406.444.6197
Jeffrey.Hindoien@mt.gov

Counsel for Defendant

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

_____
                                    )
THOMAS BRECK, DANIELLE              )   CV   17-36-M-BMM
BRECK, and STEVE KELLY              )
                                    )
        Plaintiffs,                 )
                                    )
                                    )   **ANSWER TO FIRST**
    v.                              )   **AMENDED COMPLAINT**
                                    )
COREY STAPLETON, in his official    )
capacity as Secretary of State of the )
State of Montana,                   )
                                    )
        Defendant.                  )
_____)

The Defendant Montana Secretary of State ("Secretary") answers the allegations in Plaintiffs' *First Amended Complaint* (Doc. 14) as follows:

## NATURE OF THE CASE

1. Paragraph 1 under *Nature of the Case* is a general description of the legal basis for the lawsuit and a general description of the relief being sought by the Plaintiffs to which no response is required. To the extent any type of response is required, the Secretary admits this lawsuit has been brought pursuant to 42 U.S.C. § 1983 to advance constitutional claims against Montana's ballot-access scheme as applied to the Plaintiffs in the context of the current special election to fill Montana's sole seat in the U.S. House of Representatives. The Secretary further admits that the lawsuit seeks declaratory and injunctive relief prohibiting the Secretary from enforcing the ballot access scheme in an unconstitutional manner.

## JURISDICTION AND VENUE

2. In response to ¶¶ 2 – 5 under *Jurisdiction and Venue*, the Secretary admits that jurisdiction and venue are proper. The Secretary further admits 42 U.S.C. § 1983 and 28 U.S.C. §§ 2201 and 2202 provide a procedural vehicle for advancing claims based on the alleged violation of rights guaranteed by the U.S.

Constitution. The Secretary denies that the Plaintiffs have suffered any violation of any rights guaranteed by the U.S. Constitution.

## PARTIES

1. Answering ¶ 1 under *Parties*, the Secretary is without sufficient information to form a belief about the truth of the allegations contained therein, and on that basis denies the same.

2. Answering ¶ 2 under *Parties*, the Secretary is without sufficient information to form a belief about the truth of the allegations contained therein, and on that basis denies the same.

3. Answering ¶ 3 under *Parties*, the Secretary is without sufficient information to form a belief about the truth of the allegations contained therein, and on that basis denies the same.

4. Answering ¶ 4 under *Parties*, the Secretary admits that Mr. Kelly ran for U.S. Congress in 1994 as an independent candidate. The Secretary is without sufficient information to form a belief about the truth of the remaining allegations contained therein, and on that basis denies the same.

5. Answering ¶ 5 under *Parties*, the Secretary admits that he is the duly elected Secretary of State for the State of Montana and that he is sued in his official capacity only. The Secretary further admits that he serves as the State of Montana's Chief Election Officer and is responsible to obtain and maintain

uniformity in the application, operation and interpretation of Montana's election laws, including but not limited to those laws pertaining to ballot-access mechanisms for independent and minor party candidates.

## FACTUAL BACKGROUND

6. Answering ¶ 6 under *Factual Background*, the Secretary admits the allegations contained therein.

7. Answering ¶ 7 under *Factual Background*, the Secretary admits the allegations contained therein, with the exception that the statutory reference is incorrect and should be Mont. Code Ann. § 13-25-203.

8. Answering ¶ 8 under *Factual Background*, the Secretary admits the allegations contained therein.

9. Answering ¶ 9 under *Factual Background*, the Secretary admits that the standard for qualifying as a party for purposes of nominating candidates for statewide elections (either general or special) is set forth in Mont. Code Ann. § 13-10-601, the provisions of which speak for themselves.

10. Answering ¶ 10 under *Factual Background*, the Secretary admits the allegations contained therein.

11. Answering ¶ 11 under *Factual Background*, the Secretary admits the allegations contained therein.

12. Answering ¶ 12 under *Factual Background*, the Secretary admits the allegations contained therein, with the clarification that the nominating petition and signatures must be submitted to local election administrators no later than 82 days before the election.

13. Answering ¶ 13 under *Factual Background*, the Secretary admits the allegations contained therein.

14. Answering ¶ 14 under *Factual Background*, the Secretary admits that independent and minor party candidates are required to pay a filing fee unless filing as an indigent, but denies that the deadline is no later than 82 days before the election.

15. Answering ¶ 15 under *Factual Background*, the Secretary admits the allegations contained therein.

16. Answering ¶ 16 under *Factual Background*, the Secretary admits that the provisions of § 1-1-307 speak for themselves and admits the remaining allegations contained therein.

17. Answering ¶ 17 under *Factual Background*, the Secretary admits that the initial date published on his website for the submission deadline for petition signatures was Friday, March 3, 2017, and that on Monday, March 6, 2017 he adjusted that date on the website to Monday, March 6, 2017. The Secretary denies the remaining allegations contained therein.

18. Answering ¶ 18 under *Factual Background*, the Secretary admits the allegations contained therein.

19. Answering ¶ 19 under *Factual Background*, the Secretary admits the allegations contained therein.

20. Answering ¶ 20 under *Factual Background*, the Secretary admits that the Montana Green Party is a minor party for purposes of access to the May 25, 2017 special election. The Secretary is without sufficient information to form a belief about the truth of the remaining allegations contained therein, and on that basis denies the same.

21. Answering ¶ 21 under *Factual Background*, the Secretary is without sufficient information to form a belief about the truth of the remaining allegations contained therein, and on that basis denies the same.

22. Answering ¶ 22 under *Factual Background*, the Secretary admits the allegations contained therein, and affirmatively alleges that Mr. Campbell did not submit any signatures to local election officials by the March 6th deadline.

23. Answering ¶ 23 under *Factual Background*, the Secretary admits the allegations contained therein, and affirmatively alleges that Mr. Kelly did not submit any signatures to local election officials by the March 6th deadline.

24. Answering ¶ 24 under *Factual Background*, the Secretary admits the allegations contained therein, and affirmatively alleges that Mr. Breck did not submit any signatures to local election officials by the March 6th deadline.

25. Answering ¶ 25 under *Factual Background*, the Secretary admits that no written notice was directed to any of the Plaintiffs concerning their failure to comply with the applicable statutory requirements for ballot placement for the May 25, 2017 special election. The Secretary affirmatively alleges that there is no legal requirement to provide such notice, and particularly to putative candidates who were fully aware that their filings were non-compliant with the applicable statutory requirements.

## CLAIM ONE

26. Answering ¶ 26 under *Claim One*, the Secretary denies the allegations contained therein.

## RELIEF

27. Answering ¶ 27 under *Relief*, the allegations constitute legal claims or conclusions to which no response is required. To the extent any response is required, however, the Secretary denies the allegations contained therein.

28. Answering ¶ 28 under *Relief*, the allegations constitute legal claims or conclusions to which no response is required. To the extent any response is required, however, the Secretary denies the allegations contained therein.

29. Answering ¶ 29 under *Relief*, the Secretary denies the allegations contained therein.

## GENERAL DENIAL

Except as expressly admitted herein, the Secretary denies each and every allegation in the *First Amended Complaint*.

## AFFIRMATIVE DEFENSES

1. The First Amended Complaint fails to state a claim upon which relief can be granted.

2. The Plaintiffs lack standing to assert their claims and causes of action against the Secretary.

3. The Secretary did not subject the Plaintiffs, or cause the Plaintiffs to be subjected, to any violation of rights secured by the United States Constitution.

4. The Secretary is not a "person" under 42 U.S.C. § 1983.

5. The Secretary is immune from liability as provided in Mont. Code Ann. § 2-9-305.

6. The Secretary is not civilly liable for his actions as provided in Mont. Code Ann. § 2-9-103.

The Secretary reserves the right to amend this Answer to First Amended Complaint to allege new and additional defenses as they may arise or become

known through discovery or further investigation, and to withdraw any previously asserted defenses based on the same reasons.

## PRAYER FOR RELIEF

Based on the above-outlined answers and affirmative defenses, the Secretary of State respectfully requests that the Court enter a Judgment as follows:

(a) Dismissing the *First Amended Complaint* with prejudice;

(b) Denying the Plaintiffs' request for declaratory and injunctive relief, nominal damages, litigation costs, attorney fees and other relief; and

(c) Awarding such further relief as the Court may find to be just and equitable.

RESPECTFULLY SUBMITTED this 14th day of April, 2017.

>
> TIMOTHY C. FOX
> Montana Attorney General
> DALE SCHOWENGERDT
> Solicitor General
> PATRICK M. RISKEN
> Assistant Attorney General
>
> JEFFREY M. HINDOIEN
> Special Assistant Attorney General
> Montana Secretary of State
>
>
> By: /s/ Jeffrey M. Hindoien
> Jeffrey M. Hindoien
>
> Counsel for Defendant